UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAVALE DAVIS,

      Plaintiff,

v.                                        Case No. 3:18-cv-1382-LC/MJF

WARDEN BRYANT, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court upon Plaintiff Javale Davis's "Motion for an Injunction Towards Defendants." (Doc. 34). For the reasons set forth below, the undersigned respectfully recommends that Davis's motion be denied.[1]

### I. Background and Procedural History

Davis initiated this action on May 24, 2018, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Davis filed an amended complaint on December 10, 2018, which is the operative pleading. (Doc. 11). Davis's amended complaint

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters and motions for injunctive relief. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

claims that, in January 2017, three prison officials at Century Correctional Institution violated his rights under the Eighth Amendment when they denied his request for protective management. As relief, Davis seeks compensatory and punitive damages. (Doc. 11).

The three Defendants have been identified as Randall Bryant, Julie Bowman and Michael Delapp. (Doc. 23). Defendant Bryant was served with process on July 16, 2019, and has not filed an answer or otherwise appeared. (Doc. 31). Defendants Bowman and Delapp have not been served. (*See* Docs. 35, 37).

Davis's present motion for injunctive relief asks this court to "insure that I'm well secur[ed] throughout this Federal 1983 claim that I'm pursuing after and please consider all of the corruption that can possibly approach me." (Doc. 34, p. 2). To support this request, Davis asserts that he fears retaliation for filing this lawsuit because "FDC officials," as a whole, "have a large history of retaliating towards inmates" who file lawsuits. (Doc. 34, p. 1). Davis contends that although the Defendants are not employed at his present place of confinement, he fears retaliation because Bryant and Bowman are "in higher positions now such as working for FDC's Central Office in Tallahassee and can also send a message at this institution I am housed at to retaliate." (*Id*.). The record in this case demonstrates that Defendants Bryant and Delapp are no longer employed with the Florida Department

of Corrections (Docs. 23, 32), and that Defendant Bowman is employed at Santa Rosa Correctional Institution. (*See* Doc. 33). Davis is incarcerated at Mayo Correctional Institution. (Doc. 34).

## II.     Discussion

A party seeking preliminary injunctive relief has the burden of establishing four elements: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Davis's asserted justification for injunctive relief—that it is possible that Defendants Bryant, Bowman and Delapp could "send a message" to officials at Davis's institution to retaliate against him—is wholly conclusory and speculative, and fails to establish a likelihood that he will suffer imminent and substantial injury if injunctive relief is not granted. *See Siegel v. LePore*, 234 F.3d 1162, 1176-77 (11th

Cir. 2000) (emphasizing that "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent'") (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990)); *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury"). Because Davis fails to show either that he will suffer, or faces a substantial likelihood that he will suffer, irreparable injury if injunctive relief is not granted, his motion should be denied. *Siegel*, 234 F.3d at 1176 (holding that the absence of a substantial likelihood of irreparable injury, standing alone, makes preliminary injunctive relief improper).

Equally problematic is that the relief Davis requests—that the court "secure" him and "consider all of the corruption that can possibly approach" him—is vastly overbroad and appears to seek relief against nonparties over whom this court lacks jurisdiction. *See Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (holding that the district court lacked subject matter jurisdiction to issue a preliminary or permanent injunction against a nonparty); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc*., 96 F.3d 1390, 1394 (Fed. Cir. 1996) ("Courts of equity have long observed the general rule that a court

may not enter an injunction against a person who has not been made a party to the case before it.").

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff Davis's motion for preliminary injunctive relief (Doc. 34) be **DENIED**.

At Panama City, Florida, this 13th day of August, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**